## Christian H. Lefevre's Estate.   George Witmer's Appeal.

*Will—Devise—Charge on land.*

Testator by his will directed as follows: " Subject to the payment to my estate of the sum of five thousand dollars, within six months from the time of my decease, I do give and devise my store . . . . to my nephew F. . . . . in trust to hold the said premises," to pay taxes, insurance, etc., " and the interest on the aforesaid mortgage or charge," and to apply the balance " to the extinguishment of the said charge of five thousand dollars until the same be paid ; " after which to accumulate the net income until F.'s youngest child should become of age ; then to distribute unto the children, " being heirs of my said nephew F., and to the issue of such as may be dead," subject to an annuity of five hundred dollars to F. and his wife and survivor of them.  He further directed if all of F.'s children should die during their minority " without leaving heirs," the store and all the accumulations should go to his niece M. for life with remainder to her children, subject to the annuity of five hundred dollars to F. and his wife.  The will then continued: " All the devises of this item of said premises are hereby made subject to the payment of the amount of said charge, and of any balance thereof at any time remaining unpaid in annual payments of five hundred dollars each, one-half thereof to my nephew G., and the other half to my niece M."  The executors in payment of the charge of five thousand dollars, accepted F.'s mortgage on the devised property, sold the mortgage, and used the proceeds in paying debts and expenses of the estate.  *Held,* that the charge of five thousand dollars was a specific gift to G. and M. payable in annual installments of five hundred dollars, and that it was the duty of the executors to apply the fund raised by the mortgage to the payment of G.'s and M.'s legacies, and not having done so they must be surcharged.

Argued May 22, 1895.   Appeal, No. 128, Jan. T., 1895, by George Witmer, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Reversed.

Exceptions to auditor's report.

Christian H. Lefevre died on January 26, 1890, leaving a will which was in part as follows :

" Twenty-secondly :—My lot of ground situated on the northeast corner of North Queen and Orange streets, in said city of Lancaster, with a three-story brick building and appurtenances, occupied as two stores, a dwelling and fruit and confectionery

stand, being known as Nos. 101 and 103 North Queen street, subject to the payment to my estate of the sum of five thousand dollars within six months from the time of my decease. I do give and devise my said store property at the northeast corner of North Queen and Orange streets in said city of Lancaster, unto my nephew Franklin P. Lefevre and to his successor or successors, in the trust hereinbefore named, to be appointed, in case of a vacancy, by the orphans' court of Lancaster county, Penna., in trust, however, to have and to hold the said premises, and at his and his family's option, he and his family to occupy same in part, and to manage and lease said premises, and to keep them well insured and in good repair, and out of the rents and profits thereof received, to pay the taxes, insurance, repairs and needful expenses of administration, and the interest on the aforesaid *mortgage or charge*, and from whatever is left to retain one hundred dollars per annum for his services in connection with said trust, and the balance or net income to apply to the extinguishment of the said *charge* of five thousand dollars upon said premises, until the same is fully discharged and paid; after which the said net income, as it may from time to time accrue, shall be added by the said trustee or trustees to the corpus of the said trust estate, to be held and kept safely invested and re-invested by the said trustee or trustees to the best advantage of the trust until the youngest child, living, of the said Franklin P. Lefevre, being one of his heirs, shall have arrived at the age of twenty-one years. When the youngest child and heir living of the said Franklin P. Lefevre shall thus have arrived at the age of twenty-one years, I give, bequeath and devise the said premises and the entire fund which may have been accumulated as aforesaid, out of the rents and profits thereof and interest on the same, unto the children, being heirs of my said nephew, Franklin P. Lefevre, then living, and to the issue of such as may be dead, absolutely as tenants in common in fee simple, subject, however, to an annuity of five hundred dollars per annum, to be paid in two semi-annual payments of two hundred and fifty dollars each; one of said semi-annual payments to be made to my said nephew, Franklin P. Lefevre, and the other to his present wife, while both are living, and the whole to the survivor after the death of either; the heirs of such as may be dead, however, to take by representation among themselves,

without limit, such share as their parents would have taken if living.  And should all the children, being heirs of my said nephew, have died during their minority without leaving heirs, then I do give and devise and bequeath the said premises and the entire fund which may have been accumulated to my niece, Mrs. Martha Shertz, *nee* Lefevre, wife of my friend, Mr. H. Hartman Shertz, for and during her life with remainder to her children, being living heirs, and to the heirs of such as may be dead, as tenants in common in fee simple, subject, however, to the payment of an annuity of five hundred dollars per annum, to be paid in two semi-annual payments of two hundred and fifty dollars each, one of said semi-annual payments to be made to my said nephew, Franklin P. Lefevre, and the other to his present wife, while both are living, and both said payments to be made to the survivor of them after the death of either, should they or either of them outlive their children.  All the devises of this said item of said premises, on said northeast corner of North Queen and Orange streets, are hereby made subject to the payment of the amount of said charge and of any balance thereof at any time remaining unpaid, in annual payments of five hundred dollars each, one-half thereof to my nephew, George Witmer, hereinbefore named, and the other half to my niece, Mrs. Martha Shertz, hereinbefore named, during her life, and after her death to her husband, H. Hartman Shertz, in trust for his children, being heirs of my said niece, Mrs. Martha Shertz, and for their heirs.  And after the death of my said nephew, George Witmer, one-half of the said annual payment shall be made to his son, Jacob Witmer, in trust for himself and his sisters, and in case of his death, then to Mrs. Root, a daughter of my said nephew, George Witmer, in trust for herself and her sisters and their children and for the heirs of her brother, Jacob Witmer.  Said charge upon said premises shall bear interest at the rate of four per cent. per annum, said interest to commence one year after my decease, at which time the first payment of said charge is to be made.

"Twenty-fourthly:—The east end or larger part of my farm in Strasburg township, in said county of Lancaster and state of Pennsylvania, bounded on the south by land of Benjamin Breneman, deceased, on the east by land of Jacob L. Ranck, on the north by land of my nephew, George N. Lefevre, and on the

west by Nolt, my said farm being now occupied by Benjamin M. Mowery.   Sixty acres of my said farm as herein directed to be cut off, viz: of the entire width of my said farm to be laid off by a line to be run clear across my said farm, parallel with the line of the east end of my said farm, so as to cut sixty acres off the east end of my said farm, I do give, subject to a mortgage upon which the executors of this, my last will and testament, are hereinafter authorized and empowered to raise whatever (monies) moneys may be necessary to make up any deficiency in the general fund of my estate, as specified in the twenty-seventh item of this, my last will, and subject to the payment of the money secured by said mortgage, I do give and devise the said east end tract of my said farm, being sixty acres as thus laid off, with the farm buildings, improvements and appurtenances unto my niece, Mrs. Sarah Leaman, *nee* Buckwalter, wife of my friend, Henry Leaman, for and during her life, with remainder to her children, being her heirs, then living, and the heirs of such as may be dead in fee simple."

On April 1, 1890, Franklin P. Lefevre, trustee, executed and delivered a mortgage to H. C. Harner, John A. Charles, and John L. Miller, executors, on the premises situated on the northeast corner of North Queen and Orange streets, in the city of Lancaster, for the sum of five thousand dollars, payable in installments of one thousand dollars every two years, with interest on all unpaid amounts at the rate of 5 per cent, per annum, payable annually.   This mortgage was sold by the executors for its face value, and they charged themselves in their account with the proceeds, $5,000.

On the petition of George Witmer, claiming to be one of the legatees, under the said twenty-second item, the court appointed D. G. Eshelman auditor to make distribution and to ascertain and determine whether or not the executors were liable to pay the petitioner the amount of his legacy under the said will out of the said fund of five thousand dollars, which they had received on the mortgage executed by the trustee.

The auditor held that the petitioner was not entitled to the legacy claimed.

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was dismissing exceptions to auditor's report.

*John M. Groff* and *M. Brosius,* for appellant.—The practical effect of the auditor's findings is to declare these two plain bequests void for uncertainty. When there is a repugnancy in a will the last provision prevails: Redfield on Wills, vol. 1, pp. 424, 444, 446, 447.

Where real estate was devised "subject to the payment of one hundred and twenty-five dollars to my widow for and during all the term of her natural life," this court said "it is a fair inference from the whole will that the words ' per annum ' were omitted from said clause by mistake : " Hellerman's App., 115 Pa. 120.

The language of a testator will not be taken in so literal and strict a sense as to defeat a purpose manifest on the face of the will: Adams's Est., 16 W. N. C. 272.

The court will not make a will for a man, but will strike out unmeaning and repugnant words and phrases when the real meaning of the testator admits of no doubt: McBride v. Smyth, 54 Pa. 245; Shreiner's App., 53 Pa. 106 ; Stricker's App., 29 Pa. 234; Holmes's Est., 6 Pa. C. C. 258.

One item in a will is no aid in the construction of another when the two are independent of each other: Redfield on Wills, vol. 1. p. 461.

*A. O. Newpher,* for appellee.—Courts must first interpret the exact language of the testator, before they are permitted to construe his language by the substitution or omission of words or phrases necessary to arrive at his proposed intention.

The testator intended that the real estate bequeathed in said item should bear its own burden, and that the trustee should not be charged with the duty of raising the money given to the estate upon his own credit or use his own funds, if he had any, and therefore he very properly indicated and designated the source from which the necessary means for the due settlement of his estate should be supplied without testing or endangering the financial ability of the trustee.

The testator intended that in case any of the children arrived at the age of twenty-one years, there should take place an absolute investiture in fee-simple of all the real estate accumulations,

rents and profits, to the said children, subject to a life annuity of $500 to said Franklin P. Lefevre and wife, or the survivor of them.

In case all the children of Franklin P. Lefevre should die in their minority the children of Mrs. Martha Shertz are substituted and take in fee simple all that was primarily given to the former. The corpus of the estate in this event is subject to an annuity of five hundred dollars to Franklin P. Lefevre and wife, or the life of the survivor of them, and to a life estate of the balance of said estate to Martha Lefevre.

The premises alone " are hereby made subject to the payment of the amount of said charge or any balance thereof." Neither the premises, nor the net profits, nor accumulations, nor the extinguishment of the charge, nor the subsisting charge here claimed, whatever it may be, have been placed by the testator under the control, care or responsibility of the executors.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895 :

As remarked by the learned auditor the twenty-second item of the will was written with so great an effort at precision as to make it obscure. We may not expect therefore to get it entirely consistent and clear of difficulty, but must take what appears to be the main intent. On that there is fortunately no room for serious doubt. The appellant and Mrs. Shertz were to get five thousand dollars out of the North Queen and Orange streets property. The words of the will are to that extent as plain as language can make them, and the process by which this purpose of the testator is reasoned away will not bear a moment's examination. " All the devises of this item of said premises, on said northeast corner of North Queen and Orange streets, are hereby made subject to the payment of the amount of said charge and of any balance thereof at any time remaining unpaid, in annual payments of five hundred dollars each, one half thereof to my nephew, George Witmer, hereinbefore named, and the other half to my niece, Mrs. Martha Shertz." The only real doubt that arises on this clause is whether the five thousand dollars mentioned is the same sum to the payment of which the devise to Franklin P. Lefevre was made subject in the beginning of the item, or is an additional charge. The latter alternative was not considered at all by the learned

auditor and he was of opinion that it could not be the former, because, first, the "payment" to which the property was first subjected was to be made " to my (testator's) estate .... within six months from the time of my decease," and secondly, because it was the "devises" in the item that were made subject to the five thousand dollars last mentioned in the will, and the first charge was not one of the devises.

The testator's language is, subject to the payment of "*the said charge, and of any balance thereof at any time remaining unpaid.*" These words of themselves ought to be conclusive. They are not appropriate to the introduction of a new charge, not previously mentioned, as the word "said" implies, and if meant for new there was no occasion for reference to any balance remaining unpaid. If newly created by this clause it would all be unpaid.

But on the other hand these words are exactly appropriate to the first charge. It was another and the only other charge of that amount mentioned in the item, and therefore appropriately referred to as the "said" charge. The devisee, Franklin Lefevre, was to devote the net income of the devised property " to the extinguishment of the said charge," showing an intention for its payment by installments, which makes the reference to a balance remaining at any time unpaid, both clear and appropriate. The testator's schemes for the payments in both cases are the same. As to the first charge, the devisee is to pay the interest, and out of the net income of the property gradually to extinguish the principal; as to the second, it is to bear interest, and the principal is to be paid in annual installments of five hundred dollars. Taking these incidents in connection with the identity of the amounts, the failure to provide for any other mode of raising the second charge, and the omission to direct any other application of the first, and the specific direction in items twenty-four and twenty-seven to the executors to raise any money that may be required for the general fund of the estate, by mortgage on the Strasburg farm, the conclusion would seem to be clear that both parts of the item referred to the same charge.

Against this conclusion we have only the difficulty raised by the two words "payment" and "devises." The testator does call the first mentioned sum a "payment to my estate . . . .

within six months after my decease," but a few lines further on in the same sentence he refers to it as " the interest on the aforesaid mortgage or charge," and directs the application of the net income " to the extinguishment of the said charge of five thousand dollars upon said premises, until the same be fully discharged and paid." Literally these expressions are repugnant, but if we read the word " payment" as meaning what it is afterwards called, a mortgage or charge, and the six months as applicable to the time when it is to be made or secured, we not only avoid the repugnancy, but make the whole consistent with the subsequent direction to pay the annual installments to appellant and Mrs. Shertz, without disappointing any part of the testator's purpose.

The difficulty in the word " devises " is not serious. The testator had in that item of his will made successive devises to Franklin Lefevre in trust till his youngest child should come of age, then to the surviving children in common, and contingently on there being no survivors, to Mrs. Shertz. Each of these was coupled with certain conditions and stipulations, and when the testator, who was not a lawyer though he seems to have had some acquaintance with law terms, came to express his intention that everything given, either as an estate or a charge, should be subject to the primary charge of five thousand dollars in favor of appellant and Mrs. Shertz, he used the word " devises " not in its technical sense but as including everything that had gone before and being equivalent to, " all the provisions of this item are hereby made subject to," etc.

On the whole case we are quite clear that the testator gave the five thousand dollars charged on the property in question to appellant and Mrs. Shertz, specifically, payable in annual installments of five hundred dollars, and it was the duty of the executors to have so applied it. Not having done so they must be surcharged in favor of appellant.

Decree reversed, account to be restated in accordance with the views herein expressed.