## Estate of Edward Sharp, deceased.  Appeal of William Sharp and Ellen Sharp et al.

*Will—Legacy charged by implication on land.*

A legacy may be charged on land by implication.  No form of words is necessary to produce the effect and when the intention is manifest the courts are bound to carry it into execution.

Testator gave the use of two thirds of a farm to E. and of one third of the farm to F. with directions to E. to pay $30.00 and F. $15.00 to testator's widow annually while she remains his widow ; the farm being sold for the payment of debts of decedent there were some four years of arrears of payments due the widow prior to a remarriage.  *Held*, that the will shows a clear intention to create a charge upon the land devised and the widow is entitled to a portion of the balance of the fund after payment of debts equal to the amount of the annuities for the period of widowhood.

Argued Feb. 15, 1898.  Appeal, No. 9, Feb. T., 1898, by William Sharp and Ellen Sharp et al., from decree of O. C. Sullivan Co., Feb. T., 1892, No. 4, in distribution of funds arising from the sale of the real estate of Edward Sharp, deceased. Before RICE, P. J., WICKHAM, BEAVER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to auditor's report.  Before METZGER, P. J., of the 29th judicial district, specially presiding.

It appears from the auditor's report that decedent died testate leaving to survive him five daughters, issue of his first wife, and the appellee, his second wife, the widow.  Being indebted at the time of his death the fund for distribution arose out of the proceeds of the sale of a farm sold by order of the orphans' court for the payment of debts.  The devisees of the farm claim the fund which is the fruit thereof.  The widow claims that by the terms of the will these annuities were made a charge upon the land, and that she is entitled to a portion of the fund equal to the amount of the annuities, for the period of her widowhood.

Other facts appear in the opinion of the court.

The auditor allowed the widow's claim.  Exceptions to the auditor's report were dismissed by the court and the devisees appealed.

*Errors assigned* among others were (1) in applying any portion of the fund to the claim of Antone Sharp, now Broschart, under the will of Edward Sharp, deceased, and in not appropriating the entire fund for distribution to the claims of William Sharp, Ellen Sharp, Cassie Cowley and their heirs. (3) In holding that the claim of the widow under the terms of the will create a charge upon the land.

*J. G Scouten*, for appellant.—The intention of the testator to create a charge upon the real estate is to be carried out whenever it is discoverable from anything contained in his will, but there must be something on the face of the instrument from which it can be inferred: Okeson's Appeal, 59 Pa. 100.

A devise with directions that the devisees shall pay certain sums to legatees does not create a charge on the land: Wright's Appeal, 12 Pa. 256. To the same effect are Brookhart v. Small, 7 W. & S. 229; Miltenberger v. Schlegel, 7 Pa. 241.

*A. J. Bradley*, for appellee.

OPINION BY ORLADY, J., April 25, 1898:

A legacy may be charged on land by implication. No form of words is necessary to produce the effect, and when the intention is manifest, courts are bound to carry it into execution. Such was decided in Ripple v. Ripple, 1 Rawle, 386, and is followed in Gilbert's Appeal, 85 Pa. 347 in which it is said: "While in order to make legacies a charge upon land it must be found that such was the testator's intention, still it is not necessary that its ascertainment should rest upon direct expression." Both statements of the principle are adopted by Judge FELL in Dickerman v. Eddinger, 168 Pa. 240, in disposing of the question whether an annuity was a charge upon real estate.

Edward Sharp executed his last will November 2, 1888, and died twelve days afterwards, leaving to survive him five daughters and a widow, who was his second wife.

All of these persons are remembered in his will by his giving to each of three daughters one dollar each, to the fourth he gives "the use of one third of my farm during her natural life, and after her death to her issue in fee simple, share and share alike." And for the fifth daughter, he provides, "I give and bequeath

to my son-in-law, William Sharp, the use of two thirds of my
farm, . . . . during his natural life, and it is provided that in
case my daughter, Ellen Sharp, survive her said husband William
Sharp, she the said Ellen Sharp is to have the use of two
thirds of the farm enjoyed by my son-in-law, William Sharp,
during his natural life; the said two thirds of the farm to be
that portion not herein devised to my daughter Cassie Cowley.
Subject to the two life estates of the said two thirds. of my
farm in William Sharp, and my daughter Ellen Sharp, I devise
the said two thirds of my said farm to the issue of Ellen Sharp
in fee simple share and share alike."

The sixth paragraph is as follows: " I direct that William
Sharp pay to my wife Antone Sharp, the sum of thirty dollars
per year as long as they both shall live, and in case Ellen Sharp
outlive her husband William, then and in that case Ellen Sharp
shall pay to Antone Sharp the sum of thirty dollars per year
as long as Antone Sharp shall live, provided that all of afore-
said payments of any sum or sums by William Sharp or Ellen
Sharp to Antone Sharp shall cease in case Antone Sharp again
remarry. And it is farther provided that Cassie Cowley shall
pay to the said Antone Sharp the sum of fifteen dollars annu-
ally so long as Antone Sharp shall live and remain the widow
of the testator but as soon as she shall again remarry the said
payment shall cease and determine."

By the seventh paragraph he gives to his wife Antone the
use of his real property in the borough of Dushore as long as
she remains his widow, after which it is to be equally divided
among his issue share and share alike; and by the eighth para-
graph, he devises the residue of the personal estate to his
daughter Ellen Sharp.

Antone Sharp remained the widow of the testator four years
and six months without receiving anything from Mrs. Cow-
ley or William Sharp on account of the legacies provided for
her.

The farm devised was sold by order of the orphans' court
for the payment of decedent's debts, and there remained for
distribution seven hundred and sixty-two dollars, of which two
hundred and sixteen dollars and thirty cents was distributed
to Antone Sharp, now Broschart, as the amount of her legacy
which was held to be charged on the land.

It was the evident intention of the testator to secure the sum of forty-five dollars annually for his widow, and the manner in which he apportioned the amount between his daughters to correspond to the share of the farm devised to each, and continuing the liability beyond the life of William Sharp, shows a clear intention to create a charge upon the land devised and to substitute this annual amount during widowhood for her dower right, if she would accept the provisions of the will.

He had in his mind at the time of making his will all the persons who would be interested in his estate had he died intestate, and he intended to secure to each what is specially devised, so that to pass the whole of his estate to his daughters, without payment of legacy or dower to the widow would be doing violence to his intentions as gathered from his will.

The first assignment of error was not pressed and the others are overruled.

The judgment is affirmed.