## Fouts v. Pierce.

1. **Adoption of Child**: FAILURE TO RECORD ARTICLES: SUBSEQUENT ADOPTION BY ANOTHER: CONFLICTING CLAIMS TO CHILD. Where articles for the adoption of a child were made by its mother to defendant, who, however, for several years neglected to have them recorded, and meanwhile the mother married the plaintiff, and executed articles of adoption to him, which were at once recorded; while it is not decided which of the parties is in law the father by adoption of the child, nor what the child's rights of inheritance are, yet it is *held*, in an action by plaintiff to recover the child from the custody of defendant, that the question must be decided according to the best interests of the child, in view of all the circumstances, and not solely upon the ground of legal parentage. See *Drumb v. Keen*, 47 Iowa, 435.

2. **Habeas Corpus**: ACTION AT LAW: NO TRIAL DE NOVO ON APPEAL: EFFECT OF FINDING OF TRIAL COURT. A proceeding in *habeas corpus* is a proceeding at law, and neither party is entitled to a trial *de novo* in the supreme court; but the finding of the trial court has the force and effect of the verdict of a jury, and will not be set aside upon appeal, where the evidence is conflicting.

*Appeal from an order of the Hon. George W. Ruddick, Judge of the Twelfth Judicial District.*

MONDAY, JUNE 9.

UPON the application of the plaintiff, a writ of *habeas corpus* was issued, for the purpose of testing the validity of the detention of a child in the custody of the defendant. There was a return to the writ, and at the hearing the child was remanded to the care and custody of the defendant. The plaintiff appeals.

*T. S. Wilson* and *McCeney & O'Donnell*, for appellant.

*Gibson & Dawson*, for appellee.

SEEVERS, J.—The child in question is eight years old, and the wife of the plaintiff is its mother. In 1881 Mrs. Fouts was a widow, and the mother of two children, the child Ella being the eldest. Two or three months prior to May,

1881, Ella was placed by her mother in the defendant's custody, and on the second day of that month articles of adoption were duly executed, whereby the defendant became the adopted father of the child, as he claims, and thereafter she was to be known as Ella Pierce. The articles, however, were not filed for record nor recorded until the 10th day of April, 1883.

Afterwards Ella's mother married the plaintiff, and on the 27th day of February, 1883, she and her husband executed other articles, whereby the plaintiff claims he became Ella's adopted parent. These articles were recorded on the same day they were executed. Evidence was introduced bearing on the question whether the best interest of the child demanded that it should be awarded to the plaintiff, or remanded to the custody of the defendant.

No finding of facts was made, but the court held that the child was not restrained of its liberty by the defendant, and remanded her to his custody.

I. It is insisted by counsel for the appellant that the first articles of adoption are void because of the failure to record them. Citing *Long v. Hewitt*, 44 Iowa, 363; *Tyler v. Reynolds*, 53 Id., 146, and *Shearer v. Weaver*, 56 Id., 578. It was held in these cases that a child could not inherit from its adopting parent unless the articles of adoption had been executed and recorded prior to the death of such parent. These decisions are based on the express language of the statute.

But suppose the articles of adoption were duly executed ten years, and only recorded six months, prior to the death of the parent by adoption; could the child inherit? If it could, then it would seem to follow that the failure to record the articles would render them voidable only. If this is so, can both the natural and adopting parent avoid them? Conceding that both may, what are they required to do? Can the natural parent, by executing articles of adoption to or with another person, without more, avoid the prior articles? Does the

adopting parent acquire any rights, although there has been a failure to record the articles?

We do not deem it necessary to determine any of the questions suggested, but, as at present advised, we should hesitate long before holding that the child Ella cannot inherit from the defendant.

But, conceding for the purposes of this case that the plaintiff is legally the adopted parent of the child, it does not necessarily follow that he is entitled to her custody. His rights may be equal to, but clearly they are no greater than, those of the natural parent; and it has been held that such parent is not under all circumstances entitled to the custody of his child. *Drumb v. Keen*, 47 Iowa, 435.

II. The modern doctrine undoubtedly is, in controversies of this character, that the controlling consideration is the interest of the child; and it has been further held that this proceeding is at law, and that neither party is entitled to a trial *de novo* in this court, but that the finding of the trial court has the force and effect of the verdict of a jury. *Ex rel. Shaw v. Nachtwey*, 43 Iowa, 653; *Drumb v. Keen, ante.* The further well settled rule must not be forgotten, and that is, that we are required to presume such a finding of facts as will support the judgment. We therefore must assume that the court found as an ultimate fact that the interest and welfare of the child required that it should remain with the defendant.

Bearing the foregoing rules in mind, we shall state the leading material facts. The plaintiff is a day labor, and earns about $1.50 per day. He resides in Dubuque, and lives in a rented property, up one flight of stairs, for which he pays $6.00 per month rent for three rooms of fair size. His habits are good, and the conclusion is fully warranted from the evidence that he will take as good care of this child as his circumstances will permit. His family consists of himself, wife, and her child, and he has a child of his own, who is in the custody of one of its grandparents. But the care of this

child may devolve on him before many years. The plaintiff is about thirty-three years of age, and in good health, we presume.

The child in question was about five years old when placed in the defendant's custody. He is a farmer of substantial means, and the character of himself and family is good. He has the pecuniary ability to abundantly provide for the child, who has been kindly treated, sufficiently clothed, and sent to school. The defendant's family consists of himself, wife, three boys, and a hired girl. The youngest boy is about eleven and the eldest about nineteen years old.

The child was nearly eight years old at the hearing, and was examined separate and apart from either party in interest by the judge. The examination was kind, tender, and eminently fair to the plaintiff and natural mother. Intelligent answers were given to the questions asked, and the desire expressed by the child was that she might remain with "Mamma Pierce." If what she said can be relied on, her answers were not dictated by Mrs. Pierce. It of course will be conceded that, if the child had been awarded to the plaintiff, she would have had her mother's love and care; and here lies the real difficulty in the case.

The court, however, saw these parties and heard the evidence, and determined that the best interest of the chid required that she be remanded to the custody of the defendant. We cannot say that this determination is "manifestly unsupported by the evidence." *Kline v. Kline*, 57 Iowa, 386.

AFFIRMED.