HUNKYPILLAR *v.* HARRISON.   .

Opinion delivered  October 6, 1894.

*Devise with condition annexed—Liability of devisee.*

Acceptance of a devise which provides that the devisee shall, out of the proceeds of the property devised, pay to another a certain annuity creates a liability, on the part of the devisee, merely to the extent of the proceeds of the property devised.

Appeal from  Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*S. M. Taylor* and *J. W. Crawford* for appellant.

1.   The court erred in its finding of facts.   There is *no* evidence to sustain the finding that Pinchback did not accept the devise and legacy under the will.

2.   When one accepts under a will the real and personal property of a testator, he is personally bound to pay any legacy which the will directs him to pay. Having accepted the gift, his liability is not limited to or by the value of the gift.   47 Ark. 263; 79 N. Y. 143; 6 Johns. Ch. 36; *Ib.* 33; 47 Ark. 313; 9 Paige, 534; 24 N. Y. 130; 2 Redf. on Wills, p. *304.

*Bridges & Wooldridge* for appellee.

1.   There was some evidence to sustain the finding of the court, and this court will not disturb it.   26 Ark. 360; 25 *id.* 89; 46 *id.* 168; 31 *id.* 476; 36 *id.* 260; 45 *id.* 41.

2.   While the instructions asked by appellant may declare the law correctly, they had no application in this

case. This court will not reverse unless the error was prejudicial. 46 Ark. 485; 50 *id.* 68.

BUNN, C. J. Mary J. Pinchback, wife of Frank White Pinchback, died in Jefferson county in November, 1878, having made a will, of which the following is a copy of all that affects this case, to-wit:

"Item 1. I hereby bequeath to my husband, Frank White Pinchback, all my real estate, also all my personal property, including all notes or other evidences of indebtedness, which I now hold or may accrue to the estate; this provision in my will being that he, my husband, carry out my wishes as follows: That Frank White Pinchback, my husband, is to educate and support my niece, Mary Lula Crowell, until she arrives at the age of twenty-one years, he paying out of the proceeds of my property, personal or real, the sum of two hundred and fifty dollars per annum in United States currency, or any money which is a legal tender."

The will was duly probated in the Jefferson probate court, and Frank White Pinchback was appointed administrator with the will annexed; and he proceeded to administer, and filed two annual settlements, which were duly approved, leaving a balance in his hands of $360, but he never made a final settlement.

All the real estate left by Mary J. Pinchback was acquired by her from the estate of B. K. Crowell, deceased, her former husband; and in July, 1879, the heirs of said B. K. Crowell instituted their suit in the Jefferson chancery court against Frank White Pinchback and others interested, to set aside the conveyances by which Mary J. Pinchback held the lands of her said former husband for fraud in their procurement, and to divest her estate of the same. This suit was successful, and decree rendered accordingly. In the adjustment of the matters between Mary J. Pinchback and the estate of B. K. Crowell, however, the chancellor decreed an al-

lowance to Frank White Pinchback, who answered for his wife's estate, both as administrator and legatee, the sum of $1,864.01 principal and $24.53 interest, which was subsequently paid to him, and which seems never to have been accounted for by him as administrator.

Frank W. Pinchback never paid anything to the annuitant, Mary Lula Crowell, who subsequently married, and became Mary Lula Crowell Hunkypillar, and is the plaintiff in this proceeding. In September, 1886, Frank White Pinchback died intestate, and J. W. Cox was appointed his administrator by the Jefferson probate court, and the appellant made out, duly verified and presented her account of amounts due from Frank White Pinchback, as legatee of his wife and her aunt aforesaid, on said annuity, for allowance and probation against his estate. The administrator disallowed her claim, and in due course the same was heard in the probate court, on the response of the administrator and the evidence, and the claim was again disallowed, and the claimant appealed to the Jefferson circuit court, where, on the same state of facts as in the probate court, the circuit court also disallowed her claim, and the matter, on bill of exceptions and otherwise in form, comes to this court on appeal.

The case presented to us is on exception to the findings and judgment of the circuit court, to-wit: Because the circuit court found that Frank White Pinchback never in fact accepted the devise of his wife, and therefore was not bound to appellant in any sense. Second. Because said court refused to declare the law of the case to be as asked by appellant, to-wit: (1.) "Where a will gives all the testator's real and personal estate to a person, and declares the donee is to pay all the testator's debts, and a certain annuity, the acceptance of the gift creates a personal liability in favor of the annuitant, upon which an action at law

can be maintained, without any special promise. (2.) If Frank Pinchback accepted the legacy or devise under the will of Mary J. Pinchback, and took possession, he or his estate must pay the annuity to the plaintiff, Hunkypillar, even though the amount he received is insufcent for that purpose. (3.) If Frank Pinchback, as devisee or legatee, received anything under the will of Mary J. Pinchback, her administrator cannot defeat the action of the plaintiff by showing that the estate of Mary J. Pinchback has never been finally closed and the administrator discharged."

The evidence adduced to show an acceptance, on the part of Frank White Pinchback, of the devise was to the effect that he had received the $1,864.01 principal and $24.53 interest, belonging to the estate of the testatrix, as an individual, and had never accounted for the same as her administrator; that he had answered the complaint of the heirs of B. K. Crowell in his character as legatee, and had so received the proceeds of that suit coming to his deceased wife, the testatrix; that he had paid one or two payments on another annuity provided for; that in such ways he had held himself out as such legatee. The controverting evidence was that of his attorney, who simply testified that Pinchback had never accepted the legacy, by his advice.

A majority of this court are of the opinion that there was an acceptance of the devise, on the part of Frank White Pinchback, and in so far, and for that reason, among others, the judgment of the circuit court is reversed.

On the declarations of law asked by plaintiff and refused by the court below, the opinion of this court is as follows, to-wit:

The general rule by which the rights and liabilities of a devisee who has accepted a devise of lands with conditions attached is thus stated in *Brown* v. *Knapp*, 79

N. Y. 143: "It is well settled that when a legacy is given, and is directed to be paid by a person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is the devisee of real estate. If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound even if the land devised to him proves to be less in value than the amount of the legacy." To the same effect is *Williams* v. *Nichol*, 47 Ark. 263; *Millington* v. *Hill*, *ib.* 301; *Porter* v. *Jackson*, 95 Ind. 210; *Birdsall* v. *Hewlett*, 1 Paige, Ch. 32; *Glen* v. *Fisher*, 6 Johns. Ch. 33; *Van Orden* v. *Van Orden*, 10 Johns. 30. The origin and application of the general rule is exhaustively discussed in an article in the 44 Alb. L. J. 186, Sept. 5, 1891, by Judge W. J. Gaynor, wherein all the leading authorities to that date are collected.

This rule is not confined in its application to cases growing out of the disposition of property by will, but is applicable alike to all cases where property and property rights are transmitted from one person to another, with conditions or incumbrances that affect third persons or the parties to the transaction. All, in such cases, take *cum onere*. All accept the benefits with the obligation imposed by the conditions or charges of which, they, at the time, have or are reasonably bound to take notice.

But in the case of wills this rule, of such general application, is necessarily qualified in some respects by another, of less general application it is true, but for that very reason, among others, the less yielding in its nature. This second rule is stated thus in *Worth* v. *Worth*, 95 N. C. 239: "In the construction of testamentary dispositions of property, the primary purpose should be to ascertain and give effect, as far as allowable by law, to the testator's meaning, and this is to be

found within the written instrument itself, in the light of surrounding circumstances. No outside evidence of that intention furnished by his contemporary or other declaration is receivable."

There are innumerable instances in which the testators, in making devises with charges thereon, have in terms given direction as to what manner, and out of what funds, the general devisee is to pay off the special legacies made a charge upon the property devised. In all these cases the personal liability of the devisee is more or less affected, even to the extent, in many cases, of being entirely wanting. And this is so simply from the fact that the obvious meaning of the testator, as gathered from the language of the will in each case, is to the effect that he does not wish the devisee to pay the special legacy at all events, but only as far as the property devised to him will enable him to do. This principle is illustrated in numberless cases. Thus in *Hayes* v. *Sykes*, 21 N. E. 1080, the following provision of a will was under consideration in the supreme court of Indiana, to-wit: "I will that, in case there is not money enough in the hands of the executor of my father's will to pay all my just debts, I then devise that the property herein devised to my wife, Anna, and to my mother, Mary Ann Sykes, shall be held liable, in equal proportion, to pay the same, and to this end I make a charge upon my estate, so devised, to perform the same."

Here is a charge upon two legacies to pay debts, and under the general rule first referred to, and as insisted upon by the claimant in that case, the legatees would be personally bound to pay these debts, whether the property devised to them is sufficient or not. But the court, from a consideration of the language of the will, held the real and true meaning of the testator to be otherwise, and therefore it said: "It is not our opinion that the devisees became personally liable because of

their acceptance of the devise made to them by the will.
They took title to the real estate subject to the incumbrances and charge that were placed upon it." It was
then because the will in terms otherwise directed that the
devisees in that case were not personally liable to pay
the debts, as they would have been under the more general rule.   This idea that the general rule is subject to
the intention of the testator is expressed in the cases referred to in note on page 3, Pom. Eq. Jur., sec. 1246; in
*Eskridge* v. *Farrar*, 34 La. An. 721; in *Nudd* v. *Powers*, 136 Mass. 273; in *Commons* v. *Commons*, 115
Ind. 162.   The principle is illustrated in *Hancock* v.
*Fleming*, 103 Ind. 533, in which it is said that a purchaser of land incumbered by mortgage is personally
bound, or not, for the mortgage debt, according to the
meaning of the language of the instrument by which he
holds.

Now the language of the will in this case, which
provides for the annuity sued for, is:  "He (F. W.
Pinchback) paying out of the proceeds of my property,
personal and real, the sum of two hundred and fifty dollars per annum."   If Pinchback is to pay the annuity
out of the proceeds of the property devised to him, it is
plain that his devisor did not intend that he should pay
it out of any other fund.   Evidently, she did not intend
to bind him to pay out of his own funds any deficiency
created by a lack of funds devised to him by her.   She
plainly never intended to compel him to become a co-benefactor, with herself, of her neice.   Nor did she make her
devise to him conditional upon his payment of the annuity
at all events, or otherwise than out of the proceeds of
the property devised.   We think the facts in this case,
whatever may be the rule in other cases, do not show F.
W. Pinchback to be personally liable for the payment of
the annuity sued for, but that he was, and his estate is,
liable to the extent of funds in his hands at his death,

or which have come to his estate since, from the estate of his deceased wife, subject, however, to the claims of creditors duly and in due time probated, and which are still valid and subsisting claims ; and also subject to the claims of other annuitants and legatees, other than the said Pinchback, in so far as they have preference of, or stand on equal footing with, that of the appellant.

Wherein the declarations of law asked by appellant and refused by the court below are inconsistent with this opinion, the judgment of the court below in refusing same is affirmed, and where otherwise the refusal of the court is not sustained. The findings and judgment of the court below are reversed as aforesaid, and the cause is remanded for further proceedings not inconsistent herewith.

Wood, J., not participating.