ANNA G. GILBERT, Respondent, *v.* WILLIAM H. TAYLOR, Impleaded, etc., Appellant.

1. TESTAMENTARY ESTATE — LIABILITY OF RESIDUARY LEGATEE FOR PAYMENT OF LEGACY. If a testamentary estate, consisting of personalty, has been received from the executors by the guardian of the residuary legatee, charged with the payment of the interest on a legacy to one for life, and with the payment of the principal to another on the death of the life beneficiary, instead of the legacy having been set apart by the executors and credited to them on their final account (as shown by the practical construction of the transaction by the parties, where the final account is not in evidence), and the guardian has paid to the life beneficiary a gross sum in satisfaction of interest, and the residuary legatee has received the estate from his guardian subject to the liability for the legacy, the residuary legatee will be answerable directly for the principal of the legacy to the legatee thereof, on the death of the life beneficiary, and it is not necessary to proceed against the executors in the first instance.

2. Vested Legacy — Statute of Limitations. Although a legacy, payable at the death of the life beneficiary of the income therefrom, vests at the testator's death, the Statute of Limitations will not begin to run against an action by the legatee to recover the principal of the legacy from a residuary legatee who has received the testator's estate, charged with the payment of the legacy, until the death of the life beneficiary.

3. Interest on Unpaid Legacy. In an action brought by the legatee of a certain sum, made by the will payable on the death of a life beneficiary of the income, to recover the principal from a residuary legatee to whom the testamentary estate had been transferred by the executors, through his guardian, charged with payment of the legacy, *held*, that under the circumstances of the case, the residuary legatee was not chargeable with interest, until demand and refusal; and that in the absence thereof, interest should be computed against him only from the commencement of the action.

*Gilbert* v. *Taylor* (76 Hun, 92), modified.

(Argued January 16, 1896; decided January 28, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 13, 1894, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover of William H. Taylor and Edwy L. Taylor, his former general guardian, the sum of $10,000.00, the amount of a legacy bequeathed to the plaintiff by the will of her brother, William H. Taylor, deceased, the father of the defendant William H. Taylor, with interest from November 30th, 1889.

The defendant Edwy L. Taylor did not defend, and no judgment was entered against him.

The last will and testament of William H. Taylor, the father of the defendant, was admitted to probate on or about March 6th, 1873, by the surrogate of Albany county.

The eighth and ninth subdivisions of the will are as follows: "Eighth. I will, devise and bequeath to Mrs. James Dickson, my much respected mother-in-law, the income, interest and profit of the sum of ten thousand ($10,000) dollars, for and during her natural life, payable as my executors may see fit, from and after my decease, and, at her death, the said sum of ten thousand ($10,000) dollars I will, devise and bequeath to my

sister, Anna G. Taylor." "Ninth. All the rest, residue and remainder of my estate I will, devise and bequeath to my dear son, William H. Taylor, Jr.; but in case he dies before he arrives at the age of twenty-one years, I then, in that case will and devise the same as follows, namely: One-half thereof to my sisters, Anna G. Taylor and E. F. Taylor, and the other half thereof to my nephews and nieces."

Anna G. Taylor is now Anna G. Gilbert, the plaintiff.

At the time of the testator's death his infant son, William H. Taylor, Jr., was about three years old.

Mrs. James Dickson, the life beneficiary under the eighth clause of the will, was made testamentary guardian of the infant, and in April, 1876, Edwy L. Taylor, one of the defendants, was appointed general guardian to act in conjunction with Mrs. Dickson.

The guardians of the infant compelled the executors and trustees under the will to account, and on the 25th of November, 1876, a decree of the Supreme Court was entered requiring the executors to transfer and turn over the estate in their hands to the guardians. The referee found that under this decree the guardians received a large amount of property from the executors, " but whether they transferred and turned over all of said property and fully complied in all respects with the said decree did not fully appear."

Mrs. Dickson, the life beneficiary under the eighth clause of the will, died November 30th, 1889. William H. Taylor, the infant and residuary legatee attained his majority May 16th, 1890.

Thereafter William H. Taylor brought an action in the Supreme Court to compel his surviving guardian, Edwy L. Taylor, to account and pay over to him the property in his hands received from the estate of William H. Taylor, deceased, and judgment was entered to that effect.

The referee found that the personal property which came into the possession of William H. Taylor under this judgment was of the value of more than one hundred thousand dollars.

He also found that the bequest of ten thousand dollars had

not been paid plaintiff, and that all the property belonging to the estate of William H. Taylor, deceased, remaining undisposed of and which can be reached for the payment of the bequest is in the possession of the defendant William H. Taylor.

*Isaac Lawson* for appellant. The account rendered by the executors on their accounting with the guardians was not put in evidence upon the trial herein, and, *non constat*, but that they credited themselves therein as such executors with the amount of the legacy in question as having been set apart to and retained by themselves as trustees thereof, as was their manifest duty, which fact, if it is to be presumed, as we claim it is, constitutes a defense herein. (*Mills* v. *Smith*, 141 N. Y. 256.) This action cannot be maintained unless it is made affirmatively to appear that the remedy against the executors has been exhausted or that the executors are insolvent. (Schouler on Exrs. and Admrs. [2d ed.] 598, § 491; *Doricourt* v. *Jacobs*, 1 La. Ann. 214; *Pike* v. *Searcey*, 13 Ala. 52; *Stuart* v. *Kissam*, 2 Barb. 512.) The judgment in this action cannot be maintained for the reason that the general rule with reference to actions brought by one legatee against another to compel contribution, where one has received more than his share, is, that if an executor pays one legatee and there is afterward a deficiency of assets to pay the others, and the deficiency originally existed, the legatee who has been paid more than his proportionate part must refund. But, if the deficiency of assets has been occasioned by the waste of the executor, the legatee who has been paid may retain the advantage he has gained by his legal diligence as against a co-legatee, but not as against a creditor. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Walcott* v. *Hall*, 2 Brown's Ch. 240; *Gallegos* v. *Attorney-General*, 3 Leigh [Va.], 488, 489; Schouler on Exrs. [2d ed.] 491; 1 Story's Eq. Jur. [13th ed.] § 92; 1 Roper on Legacies [2d Am. ed.], 458, 459, 460; Ward on Legacies, 378, 379; 2 Williams on Exrs. [7th ed.] 452; *Dyose* v. *Dyose*, 1 P. Wms. 305; *In re Chadwin*, 3 Swanst.

379.)   The plaintiff's cause of action is barred by the Statute of
Limitations. (*Nelson* v. *Russell,* 135 N. Y. 137; *Van Axte* v.
*Fisher,* 117 N. Y. 401; *Livingston* v. *Greene,* 52 N. Y. 118;
*Ackerman* v. *Gorton,* 67 N. Y. 63; *Bedell* v. *Guyon,* 12
Hun, 396; *Mitchell* v. *Knapp,* 54 Hun, 500; *Avery* v.
*Everett,* 110 N. Y. 317; *In re Mahan,* 98 N. Y. 376;
*Da Costa* v. *Bass,* 48 Hun, 31; *Lane* v. *Brown,* 20 Hun,
385; *Coit* v. *Rolston,* 44 Hun, 550; *Wright* v. *Dugan,*
15 Abb. [N. C.] 107; *In re McClyment,* 16 Abb. [N. C.]
262; *Van Camp* v. *Fowler,* 59 Hun, 311; *Warner* v. *Dur-
ant,* 76 N. Y. 136; *Smith* v. *Edwards,* 88 N. Y. 103; *Wright*
v. *Miller,* 8 N. Y. 1; *Murphy* v. *Whitney,* 140 N. Y. 541; *Lam-
mer* v. *Stoddard,* 103 N. Y. 672; *Decouche* v. *Sevetier,* 3 Johns.
Ch. 216; *Wilmerding* v. *Russ,* 33 Conn. 67; *Ashurst's Appeal,*
60 Penn. St. 290; *McClaim* v. *Shepard,* 21 N. J. Eq. 76; *Hig-
gins* v. *Higgins,* 14 Abb. [N. C.] 13; 2 Perry on Trusts,
§ 865.)   There is no equity in the plaintiff's claim which
should incline the court to uphold the judgment which she
has obtained, and that if the suit can possibly be considered
one in equity, judgment should have been rendered against
the plaintiff on the ground of *laches.* (*Calhoun* v. *Millard,*
121 N. Y. 81.)   The referee erred in allowing interest from
November 30, 1889, upon the amount of the plaintiff's legacy,
and in directing judgment against the defendant William H.
Taylor therefor, and to the extent of such interest included
therein, to wit, $2,160, the judgment should, if affirmed in
part, be at least modified. (*In re Trustees, etc.,* 137 N. Y. 98.)

*Hamilton Harris* for respondent.   The findings of the ref-
eree, as affirmed in the General Term, are conclusive in this
court.   The appeal to this court does not bring up for review
questions of fact depending upon conflicting evidence; such
questions are with the court below, it being for this court only
to determine whether there is any evidence upon which its
decision might fairly and reasonably stand. (*Hewlett* v.
*Elmer,* 103 N. Y. 156; *Whitman* v. *Foley,* 125 N. Y. 651;
*Crim* v. *Starkweather,* 136 N. Y. 635.)   The defendant, as

residuary legatee under the will, can only hold the residuum of the estate after the payment of debts and legacies. Until the debts and legacies are paid he is not entitled to receive anything. Hence, the bequest to the plaintiff, being unpaid, is chargeable upon the property received by the defendant. (Redf. on Surrogates [5th ed.], 608; *Wetmore* v. *St. Luke's Hospital*, 56 Hun, 318; *Wilmott* v. *Jenkins*, 1 Beav. 401.) The plaintiff could not institute proceedings for an accounting or other action or proceeding to recover the said legacy, either against the executors of the will of said William H. Taylor, deceased, or against the guardians of defendant, or either of them, before her legacy became due and payable, and was not bound, under the circumstances appearing in the case, to institute proceedings or other action for that purpose before bringing this action. (Code Civ. Pro. § 415; *Plymouth Society* v. *Hepburn*, 57 Hun, 161; *Patterson* v. *Ellis*, 11 Wend. 260; *Smith* v. *Edwards*, 88 N. Y. 103; *Booth* v. *Cornell*, 2 Redf. 261.) Interest was properly allowed upon the legacy from the time it became due and payable, namely, at Mrs. Dickson's death, November 30, 1889. (Redf. on Surrogates [5th ed.], 634; *Loder* v. *Hatfield*, 71 N. Y. 105; 2 Williams on Ex. 1221.)

BARTLETT, J. We do not deem it essential to discuss at length the complicated questions of fact and figures presented by the learned counsel for the defendant and appellant growing out of the various accountings and the manner in which the executors, trustees and guardians have discharged their responsible duties in the management of a large estate which was greatly reduced in amount when it reached the hands of the residuary legatee, as the question of devastavit is not presented in the view we take of this case.

It suffices to say that after a careful examination of this record we are satisfied that the findings of the referee must be sustained.

It is to be reasonably inferred from this record, and after the lapse of so many years since testator's death, that the

guardians received from the executors the balance of the estate remaining in their hands.

The counsel for the appellant urges that it may be the executors credited themselves in their final account with the amount of the legacy in question as having been set apart for the purposes of the eighth clause of the will, as the account is not in evidence.

The complete answer to this suggestion is that the parties have given a practical construction to the situation which shows this was not the fact.

The guardians paid the interest to the life beneficiary for four or five years, and after that time paid her a gross sum which enabled her to realize the interest.

This is a clear recognition that the estate received by the guardians from the executors was deemed charged with the legacy and interest thereon under the eighth clause of the will.

Under these circumstances we do not think the plaintiff was obliged to proceed against the executors in the first instance.

We are also of opinion that this is not a case where the residuary legatee can successfully defend under the principles laid down in the case cited by appellant's counsel. (*Mills* v. *Smith*, 141 N. Y. 256.)

In that case the will gave a sum to the executors to be held in trust for a beneficiary named during life, and upon his death to be distributed among his children.

On the accounting the executors were credited with this fund and the balance of estate was paid to the residuary legatee.

Subsequently the surviving child of the life beneficiary sought to recover of the residuary legatee the principal of the trust fund, the executors having failed to respond.

It was held that the defendant was not liable.

In the case at bar we have the facts reversed ; the guardians received from the executors the estate charged with the burden of the plaintiff's legacy, and the residuary legatee received from the surviving guardian the residue of the estate, subject to the same liability.

The Statute of Limitations is set up as a defense to this action. It is argued that plaintiff's legacy vested at testator's death, and that more than ten years have elapsed since the cause of action accrued.

We think this is a vested legacy (*Nelson* v. *Russell*, 135 N. Y. 137; *Van Axte* v. *Fisher*, 117 N. Y. 401; *Avery* v. *Everett*, 110 N. Y. 317), but fail to discover how appellant is aided by that fact. The legacy did not become payable until the death of the life beneficiary on the 30th day of November, 1889.

The legacy of the plaintiff was a charge upon the entire personal estate, and she rested under no active duty to see that the principal sum was set apart and invested by the executors so as to earn the interest due the life beneficiary.

When the legacy became payable by the terms of the will, the plaintiff's cause of action arose.

The defense of 'the Statute of Limitations was properly overruled.

The appellant insists that the referee erred in allowing interest on the legacy from November 30th, 1889, the date of death of life beneficiary.

We think the point is well taken, as the defendant William H. Taylor ought not to be charged with interest, under the circumstances of this case, until demand and refusal to pay over. The record shows no such demand and refusal, and interest should be computed from the date this action was begun.

The judgment appealed from is so modified as to the computation of interest, and, as modified, affirmed, with costs.

All concur.

Judgment accordingly.