JOSEPH S. DUNKIN AND ROBERT F. DUNKIN, by his Guardian, JOSEPH S. DUNKIN, Appellees, v. CAROLINE SEIFERT, Appellant.

**Parent and Child:** HABEAS CORPUS: TRIAL DE NOVO. The issues in habeas corpus proceedings are not triable *de novo* on appeal, and where there is evidence to support the finding of the trial court it will not be disturbed.

**Adoption:** EVIDENCE. In a proceeding for possession of a child, the evidence is considered and held to support a finding of the trial court that the father had not consented to its adoption by another.

Same.    The fact that a parent is less able than another to provide
3    for his child will not support a claim of adoption, where it ap-
pears he has not abandoned its custody, is able to give it a de-
cent support and morally fit to have it in charge.

*Appeal from Monroe District Court.*—HON. M. A. ROBERTS,
Judge.

SATURDAY, FEBRUARY 13, 1904.

*J. C. Mabry* and *Dashiell & Mason* for appellant.

*N. E. Kendall* and *Clarkson & Bates* for appellees.

WEAVER, J.—Robert F. Dunkin is the infant son of
Joseph S. Dunkin by his wife, Cleo Dunkin, who is now
deceased. The defendant is the mother of the deceased, Mrs.
Dunkin, and claims that a short time before her death the
daughter, with the consent of her husband, gave the child to
the defendant, and promised that she should be permitted
to keep and rear it as her own. The father denies the al-
leged agreement, and sues out a writ of *habeas corpus* to
have the dispute adjudicated. Upon the trial the defendant
sought not only to prove the agreement to give her the child,
but to show that the father was of dissolute habits, and an
unfit person to be intrusted with its care and custody. We
think it unnecessary to go into an extended
review of the evidence. The trial court seems
to have given the case a careful and impartial hearing,
and came to the conclusion that the alleged agreement
was not established by that clear preponderance of evi-
dence which is required to justify a court in depriving
a parent of the right to keep and care for his own off-
spring. Issues in *habeas corpus* are tried as in ordinary civil
proceedings, and cannot be heard *de novo* on appeal. The
finding of the trial court as to the facts is therefore given the
effect of a verdict of a jury, and will not be disturbed on ap-

1. HABEAS cor-
pus: trial de
novo.

peal if there is evidence to support it. *Drumb v. Keen,* 47 Iowa, 435; *Jennings v. Jennings,* 56 Iowa, 288; *Bonnett v. Bonnett,* 61 Iowa, 199; *Fouls v. Pierce,* 64 Iowa, 71; *Kline v. Kline,* 57 Iowa, 386; *Jenkins v. Clark,* 71 Iowa, 552.

It cannot be said in this case that the judgment below is without support in the evidence.   The testimony of the defendant to the alleged gift of the child, and especially as to

2. ADOPTION: evidence.   the consent of the father to such gift, is not entirely unqualified, while it is explicitly denied by him.   It is undoubtedly true that the defendant took the child into her care soon after its birth, and has for a considerable period given it loving and tender care, and that it will cause her much pain to be compelled to surrender its custody. On the other hand, it is conceded that when the daughter spoke to her husband about giving the child to her mother he objected to having it adopted by another, and that soon after the death of the wife, while defendant had the child with her in Colorado, he insisted that she should return it to Iowa, and threatened legal proceedings if his request was not complied with.   It therefore seems quite clear that, whatever the temporary arrangement following the death of his wife may have been, the father never understood he had given up all right to his child—a right which should be denied with much hesitancy, and only upon satisfactory proof of a legal surrender thereof, or unequivocal showing that the interest of the child demands such interposition by the court.

Of the charges made against the moral character of the father we may say, as has already been said of the other branch of the case, that the finding of the court below is not without support in the record.   Concerning the most grave charges there was a conflict in the evidence, and it was for the trial court to pass upon its credibility, weight, and value.

Considerable appears in the record   concerning the alleged lack of care and faithfulness of the father in preserving the property of the child, for which he is guardian.   That is a matter into which we cannot here inquire.   It is to be presumed that he has given a sufficient bond for the proper dis-

charge of said trust, and that the court having charge of the guardianship matter will hold him to a strict and just account in respect to his dealings with the trust property.

Counsel for appellant lay principal stress upon the alleged fact that the interest of the child will be promoted by leaving it with its grandmother. In one sense that fact may 3. SAME.        be admitted without affecting the conclusion we have here reached. It is true, it appears the grandmother is a woman of considerable means, and it is quite possible she can give the child more of the comforts and luxuries of life, and a better education, than the father can afford; but this, we think, is not in itself a controlling consideration. If it were admitted to be such, then no poor man could hope to retain the nurture, comfort, and companionship of his own child against the claim of a rich neighbor who may be inclined to offer it a home. As between persons claiming with equal right, these advantages of wealth and opportunity may have much weight; but as against a man who has never abandoned or surrendered the custody of his child, who is able and willing to give it a decent support, and is morally fit to have it in charge, the wealth or position or moral worth of an opposing claimant is of little moment.

We find no reversible error in the record, and the judgment appealed from is AFFIRMED.