## HANNAH L. LORING *vs.* JOHN H. ARNOLD *et als.*

A contingent remainder, where the person who is take it is certain, may descend and be devised.

Hence, when A. devised certain realty to his son B. for life, remainder in fee to B.'s children, and if B. should die without leaving children, then in fee to the brother and sisters of B., and B. died childless in 1885, while one of his sisters died testate before him in 1881, —

*Held,* that the sister's contingent remainder passed by her will to her devisee.

In Pub. Stat. R. I. cap. 182, § 1, of wills, the word "seized" is equivalent to the word "having."

A. devised his farm and house to his son B. for life, and directed that B. "shall provide my daughter M. and my granddaughter C., and such company as they may entertain in my house, suitable provision necessary for their support while they choose to remain single women in said house."

*Held,* the will nowhere showing a different intention on the part of the testator, that, after B.'s death, C. had no interest in the house and farm.

When a will was presented for proof before a county court in Illinois, a court of limited jurisdiction, having jurisdiction of matters of probate to prove wills executed according to the laws of Illinois, —

*Held,* that the question before the county court was one of fact, whether the will was executed according to the laws of Illinois; that the jurisdiction depended on this fact; that, the county court having found the fact and exercised its jurisdiction, the finding is conclusive, and that the details by which the finding was reached need not be set out in the records of the county court.

BILL IN EQUITY for partition. The case came before the court on the pleadings to determine the estates of the parties.

*January* 6, 1887. STINESS, J. Thomas Whipple died in 1843, leaving a will by which he devised certain real estate to his son,

James M. Whipple, " for and during his natural life, and at his decease, if he should leave any lawful child or children, then to them, their heirs and assigns, forever." Then followed this clause : " But if he should die without leaving any lawful child or children, then my will is that the same shall descend and be divided equally amongst his brother Thomas, his sisters Glorany Carpenter, Martha Whipple, Sarah Loring, Amey Arnold, and Julia Barney, to them, their heirs and assigns, forever." Julia A. Barney [1] died in Bureau County, Illinois, January 19, 1881. James Whipple died February 8, 1885, leaving no wife nor children. Mrs. Barney left a will in which she devised her interest and estate in all real estate in Rhode Island to Charles E. Barney, one of the defendants. The first question which arises is whether she had, at the time of her decease, a devisable interest in the land left by Thomas Whipple. She had a contingent remainder in this portion of the estate of Thomas Whipple. Her estate depended upon the leaving of " any lawful child or children " by her brother James. This contingency was not determined until after her death, when James died in 1885. Nevertheless, she had a devisable interest. In *Brown* v. *Williams*, 5 R. I. 309, the court, quoting the words of Lord Mansfield, declares it to be the established doctrine " that in all contingent, springing, and executory uses, *where the person who is to take is certain,* so that the same are descendible, they are devisable, these being convertible terms." The court points out the distinction to be observed between cases " where the person who is to take is certain," and those where the contingency is to determine who is to be the object of the contingent limitation. In the former, the interest is descendible ; in the latter, " no one can claim, before the contingency decides the matter, that any interest is vested in him, to descend from and hence to be transferred or devised by him." To the same effect is *Bailey* v. *Hoppin*, 12 R. I. 560. In the present case the contingent remainder was to the brother and four sisters, in fee simple. The persons who were to take being certain, the interest of Julia A. Barney in the property in question was descendible, and hence passed to Charles E. Barney under her will.

---

[1] Mrs. Julia A. Barney was the Julia Barney of Thomas Whipple's will.

The guardian *ad litem* of one of the infant defendants claims that Pub. Stat. R. I. cap. 182, § 1, gives the power to convey land by will only to persons who are "seized," and that in this respect it is narrower than the English statute of wills, which uses the word "having." This point, however, was raised and settled in *Bailey* v. *Hoppin*, *supra*, the court holding that the word "seized," as used in our statute, is the equivalent of the word "having."

The second question raised is whether the will of Julia A. Barney was so proved and allowed in Illinois as to entitle it to be recorded and have effect here. The will was proved before the county court of Bureau County, in said State of Illinois, in probate. The statute of Illinois, as proved, requires the oath of two witnesses that they were present and saw the testator or testatrix sign said will, testament, or codicil, or that he acknowledged the same to be his or her act and deed. The record of probate shows that two of the witnesses " testify to the due execution of the will by said Julia A. Barney, deceased, and their attestation thereof according to law." He therefore claims that, as the county court is a court of limited jurisdiction, the facts essential to its judgment must appear of record, and that it is not enough to say that the will was duly executed according to law. The matter before the county court was the probate of the will. Of this matter the court had jurisdiction, but, if the will was not executed in the way which the statute of Illinois requires, the court had no authority to prove it.

The question before the court was not one of jurisdiction, but of fact; and upon the finding of fact the whole proceeding depended. The fact having been found to be in accordance with the statute, as appears by the action and judgment of the court, and that fact being of the gist of the proceeding, the finding is conclusive upon us, and the details by which it was reached need not be set forth in the records of the court. See *People's Savings Bank* v. *Wilcox*, *ante*, p. 258. The will, having been duly recorded in this State, is effectual here.

The only remaining question is whether Caroline M. Arnold has a life estate in the house and farm mentioned in the will of Thomas Whipple. The provision of the will is as follows : " And

my will is that my son James M. shall provide and supply at all times my daughter Martha, and granddaughter Caroline,[1] and such company as they may entertain in my house, suitable provision necessary for their support while they choose to remain single women in said house." We think the provision in favor of Caroline M. Arnold is so clearly limited to the estate of James M. Whipple, which was a life estate, that it depended upon it, and ceased when the life estate ceased. The direction is to James and to no one else. The charge is upon his interest and upon no other interest. The words, " while they choose to remain single women in said house," being dependent upon his estate, do not create an interest in them extending beyond the termination of his estate. There is nothing else in the will tending to show an intention to give a life estate to Caroline, but, on the contrary, in the devise of the homestead to James for his life, the privilege given to Martha is excepted, while at his death the estate is devised to his children, or brother and sisters, as the case may be, in fee simple, and without exception. We think, therefore, that after his death she had no interest in the house and farm, under that clause of the will.

*William W. Douglas & Samuel T. Douglas,* for complainant.

*James C. Collins & George B. Barrows,* for different respondents.

---

[1] This Caroline was Caroline M. Arnold.