# HILL v. PURDY.

### WILLS; CONTINGENT REMAINDERS.

Where the person who will take is certain, a contingent remainder may be devised, subject to the contingency.

No. 3018.    Submitted April 4, 1917.    Decided June 2, 1917.

HEARING on an appeal by an intervener from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, construing wills and directing the partition of certain real estate devised by the testators and accountings in respect of funds arising in the administration of the estates.
                    *Affirmed.*

'The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in equity of the supreme court of the District of Columbia construing the wills of John Purdy, Rebecca Wallace, and Virginia Thompson, deceased; ordering partition by sale of certain real estate devised by said decedents, and certain accountings in respect of funds arising in the administration of said estates.

The original bill of complaint was filed by John Purdy, Annie Purdy Reager, William Wallace Purdy, Virginia Purdy Corley, and Edgar Purdy, all being children of John Purdy, Junior, deceased, and grandchildren of John Purdy, Senior, said plaintiffs claiming certain interests in the property left by said John Purdy, Senior.

The defendants to the original bill were Josephine Postlewait and Clara P. Elliot, legatees and devisees under the wills of Rebecca Wallace and Virginia Thompson, through which wills said defendants also claimed certain interests in the property left by John Purdy, Senior.

Thomas Bryan Huyck and the National Savings & Trust Company were also made defendants in the bill as custodians of certain funds involved in the controversy.

After issue joined on the original bill between the above-named parties, the appellant here, Elizabeth Pauline Hill, was made a party defendant in the cause and decreed to be a child of Henry Purdy, deceased, a son of John Purdy, Senior, and entitled to share whatever rights in the premises a child of said Henry Purdy might be entitled to take.

Thereafter, upon consideration of the whole case, a final decree was made disposing of all the issues presented to the court, and adjudging that all the properties involved be divided among the original beneficial parties to the cause in certain proportions fixed in the decree, to the exclusion of the said Elizabeth Pauline Hill, who took nothing.

All parties acquiesced in this decree, except Mrs. Hill, who prosecutes the present appeal alone.

*Mr. Simon Wolf, Mr. Myer Cohen,* and *Mr. Wm. G. Johnson,* for the appellant:

1. The devise to Virginia Thompson vested in her a base or qualified fee. 2 Bl. Com. 109; 4 Kent, Com. 9, 10; *North Adams* v. *Boland,* 155 Mass. 171; *Re N. Y., etc. R. R. Co.* 105 N. Y. 89. The limitation over to Rebecca Wallace, in the event that Virginia should die "without leaving any child of her own surviving her" is a contingent one. It cannot be a remainder because it limits a fee after a fee, which is void as a remainder. 1 Fearne, 371, 372; 2 Bl. Com. 164, 165; 4 Kent, Com. 199, 200. But it is good as an executory devise. 1 Fearne, 371–373, 418; 4 Kent, 200, 270; 2 Bl. Com. 173, 174.

2. The executory devise to Rebecca given in the event of the contingency of Virginia's dying "without any child of her own surviving her" could not pass to Rebecca any interest or estate in anticipation of that contingency. Until that contingency happened there was no estate in existence. 4 Kent, Com. p. 11. All that remains to the grantor of such a fee is "the possibility of a reverter when the estate determines, or the qualification ceases." 4 Kent, Com. 11.

It must be perfectly obvious that Rebecca Wallace had no greater estate, subject to disposition by deed or will, than would have passed to her heirs on her dying intestate. Certainly, if she made no deed and died intestate, her heirs would take as much as her grantees or devisees could take by deed or will.

The status of descent in such case is unequivocally fixed by judicial decisions of controlling authority in this jurisdiction. *Barnitz* v. *Casey,* 7 Cranch, 456; *Holcomb* v. *Wright,* 5 App. D. C. 76; *Fisher* v. *Wagner,* 109 Md. 243, is out of harmony with numerous other cases in the same court. Among these is *Garrison* v. *Hill,* 79 Md. 75.

*Mr. J. J. Darlington* and *Mr. George Francis Williams,* for the appellees, in their brief cited:

*Barnitz* v. *Casey,* 7 Cranch, 456; *Brown* v. *Williams,* 5 R.

I. 309; *Brunthaver* v. *Talty,* 31 App. D. C. 137; *Buchanan* v. *Macfarland,* 31 App. D. C. 19, 20; *Carroll* v. *Carroll,* 16 How. 286, 287; *Clowe* v. *Seavey,* 208 N. Y. 502; *Collins* v. *Smith,* 105 Ga. 525; *Cummings* v. *Stearns,* 161 Mass. 506; *Dalton* v. *Savage,* 9 Met. 28; *Doe ex dem. Manners* v. *Manners,* 20 N. J. L. 142; *Fisher* v. *Wagner,* 109 Md. 243, 21 L.R.A.(N.S.) 128; *Green* v. *Liter,* 8 Cranch, 229; *Griffin* v. *Shepard,* 124 N. Y. 20; *Harriman* v. *Northern Securities Co.* 197 U. S. 291; *Havens* v. *Sea Shore Land Co.* 47 N. J. Eq. 365; *Heard* v. *Read,* 169 Mass. 216; *Hill* v. *Garrison,* 79 Md. 75; *Holcomb* v. *Wright,* 5 App. D. C. 76; *Jenkins* v. *Bonsall,* 116 Md. 636; *Jones* v. *Roe,* 3 T. R. 88; *Kenyon* v. *Lee,* 94 N. Y. 568; *Loring* v. *Arnold,* 15 R. I. 428; *Minot* v. *Tappan,* 112 Mass. 535; *Paolucci* v. *United States,* 30 App. D. C. 222; *Potter* v. *Nixon,* 81 N. J. Eq. 338; *Pollock* v. *Farmers Loan & T. Co.* 157 U. S. 574, 575; *Ratcliffe's Case,* 3 Rep. 42; *Roosa* v. *Harrington,* 171 N. Y. 341; *Van Dyke* v. *Vanderpool,* 14 N. J. Eq. 198; *Welch* v. *Blanchard,* 208 Mass. 528; *Wetmore* v. *Karrick,* 205 U. S. 155; *Whall* v. *Converse,* 146 Mass. 345; *Re Wilcox,* 194 N. Y. 296; Code, Secs. 1623, 1624; Maryland Act of 1798, chap. 101, sub-chap. 1, sec. 1, (Abert's Dig. 556); Act of June 30, 1902, 32 Stat. at L. pt. I, p. 545; 4 Kent. Com. 261; Redf. Wills; Co. Litt. 11 (b); Washburn, ch. 7, sec. 26; Watk. Conv. 202.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

After consideration of all questions presented by the record and by the arguments of counsel, we conclude that the decree appealed from was correct and should be affirmed, with costs; and it is so ordered.

And this court adopts as its own the learned opinion of Mr. Justice GOULD filed in the supreme court of the District of Columbia in connection with the final decree of that Court:

"The original bill in this case was filed to secure the construction of three wills: that of John Purdy, and those of his two daughters and devisees, Ellen Rebecca Wallace and Virginia Thompson. It also sought a distribution of funds derived from sales of certain real estate devised by said John Purdy, such funds being held by the defendant, the National Savings & Trust Company, as trustee appointed by the court in prior equity causes, and of other funds collected by the defendant Huyck, as rents of other real estate of said John Purdy.

"On August 24, 1914, an amended bill was filed making one Elizabeth Pauline Hill a party defendant on the ground that her claimed rights in the estate of said Purdy might be determined. The amended bill also seeks a partition of the real estate described in the original bill, being the undistributed portion of the estate of said John Purdy.

"John Purdy, a resident of the District, died July 22, 1881, possessed of a considerable estate, both real and personal. His will was dated December 27, 1866, and two codicils thereto were dated, respectively, September 5th, 1868 and September 18, 1872; they were duly probated September 27, 1881. The personal estate has long since been distributed. He left a widow, who received a bequest in lieu of dower in the form of an annuity charged upon his real estate, but she has since died. At the date of his will he had five children; three sons, Henry, Alexander and John, and two daughters, both married, Rebecca Wallace and Virginia Thompson. Henry died before the testator. Alexander, who was given an annuity under the will, departed this life before his brothers and sisters. The plaintiffs are the children of the son John. The defendants, Josephine Postlewait and Clara P. Elliot, are devisees of the last survivor of the children, Virginia Thompson. Elizabeth Pauline Hill, made a defendant by the amended bill, is a daughter of Henry Purdy, who, as heretofore stated, predeceased his father.

"Testimony was taken in open court as to whether or not Elizabeth Pauline Hill was the daughter of said Henry Purdy, which resulted in a decree dated June 29, 1915, adjudging her to be the legitimated child of said Henry Purdy.

"The portion of the will of John Purdy, Sr., which the court is asked to construe is the residuary clause containing devises to John Purdy, Jr., Rebecca Wallace, and Virginia Thompson. The clause in question gave one third of the residuary estate to his son John Purdy, with a proviso that if the son died childless, his third part should go to the testator's daughters, Rebecca Wallace and Virginia Thompson, and their respective heirs, in equal shares; a second one third part of the residuary estate was given to the testator's daughter, Rebecca Wallace, with the proviso that if she died childless, her one third share should pass to John Purdy, Jr., and Virginia Thompson, and their respective heirs; while the remaining one-third interest was given to Virginia Thompson, with the proviso that, if she died childless, her share should pass to John Purdy, Jr., and Rebecca Wallace, and their respective heirs.

"It thus appears that John Purdy, Jr., took a fee in his one-third share, subject to be cut down to a life estate if he died childless, with an executory devise of a fee simple of a one-third interest in another third if Rebecca Wallace died childless, and an executory devise in fee simple of one-half interest in the remaining one-third share if Virginia Thompson died childless.

"Rebecca Wallace took a third part in fee simple, subject to be cut down to a life estate if she died childless, with an executory devise in fee simple of a one-half interest in another third share if John Purdy, Jr., died childless, and an executory devise in fee simple of another one-half interest in the remaining one-third share, if Virginia Thompson died childless.

"Virginia Thompson took a fee in her one-third share, subject to be cut down to a life estate if she died childless, with an executory devise in fee simple of a one half of another one-third share if John Purdy died childless, and an executory fee simple devise of a one-half interest of the remaining third share if Rebecca Wallace died childless.

"1. John Purdy, Jr., died August 7, 1887, intestate, the first of the three residuary devisees to depart this life. He left children, who are the plaintiffs, to whom, of course, passed his residuary one third in fee simple.

"2. Rebecca Wallace died April 12, 1907, without children, so that her one-third share was cut down to a life estate, terminating with her death, and passed, one half to the heirs of John Purdy, Jr., and one half to Virginia Thompson. But she also had, at her death, under the will of her father, an executory devise of one half of Virginia Thompson's residuary one third, in the event that the latter died childless. Mrs. Wallace left a will, the eighth paragraph of which reads as follows: 'All my right, title, and interest in the estate of my late father, John Purdy, I give, devise, and bequeath, one half to my sister Virginia Thompson, and the other half thereof to the children of my deceased brother John Purdy.'

"At her death, therefore, the residuary estate of John Purdy, Sr., stood as follows:

"A. The children of John Purdy, Jr., were seized as follows:

"Item 1. One-third share devised to their father by the will of John Purdy, Sr.,

"Item 2. One half of the one-third share devised to Mrs. Wallace by the same will, she having died childless,

"Item 3. An expectancy in one half of the one third devised to Mrs. Thompson, should she die childless,

"Item 4. An expectancy, under the will of Mrs. Wallace, of one half of her half share in the executory devise attached to Mrs. Thompson's original one-third share of the residuary estate, if the latter died childless.

"This would make their portion, absolutely and in expectancy, as follows: $\frac{1}{3} + \frac{1}{6} + \frac{1}{6} + \frac{1}{12} = \frac{9}{12}$.

"3. Virginia Thompson, the remaining residuary devisee of John Purdy, Sr., died August 19, 1913, leaving a will by which she devised all her real estate to the defendants Josephine Postlewait and Clara P. Elliot.

"Upon her death, childless, as above stated, one half of her original residuary one third passed to the children of John Purdy, Jr. (Item 3, supra). The other one half of her original residuary one third passed to Rebecca Wallace, under the terms of the will of John Purdy, Sr. As before stated Rebecca Wallace devised this one half of one third as follows: one half (one

half of one half of one third—one twelfth) to the children of John Purdy, Jr., and the other one half (one half of one half of one third—one twelfth) to Virginia Thompson. The controversy in the case is whether this last-mentioned one twelfth passed by the will of Virginia Thompson to the defendants, Josephine Postlewait and Clara P. Elliot. There is no question but that the one half of Rebecca Wallace's original residuary one third passed to these devisees through Mrs. Thompson's will.

"On behalf of the complainants, and of Mrs. Hill, the intervener, it is contended that the one twelfth referred to which Mrs. Wallace attempted to dispose of by her will was contingent, and not capable of being devised until the contingency happened; *viz.*, the death of Mrs. Thompson without children.

"But the authorities do not support this contention.

"Thus, in *Loring* v. *Arnold,* 15 R. I. 428, 8 Atl. 335, the will devised real estate to testator's son James for his natural life, to his heirs and assigns if he left children, and if none, then the lands to descend to Julia Barney and other named persons. James died childless February 8, 1885. Julia Barney had died four years earlier, leaving a will by which she had devised her interest in all real estate in Rhode Island to Charles Barney. The question was whether she had at the time of her death, four years prior to the death of James, a devisable interest in the land disposed of by the will of the testator. The court said: 'She had a contingent remainder in this portion of the estate of Thomas Whipple. Her estate depended upon the leaving of "any lawful child or children" by her brother James. This contingency was not determined until after her death, when James died in 1885. Nevertheless she had a devisable interest. In *Brown* v. *Williams,* 5 R. I. 309, the court, quoting the works of Lord Mansfield, declares it to be the established doctrine "that in all contingent, springing, and executory uses, where the person who is to take is certain, so that the same are descendible, they are devisable, these being convertible terms." The court points out the distinction to be observed between cases, 'where the person who is to take is certain' and those where the contin-

gency is to determine who is to be the object of the contingent limitation. In the former, the interest is descendible; in the latter, "no one can claim, before the contingency decides the matter, that any interest is vested in him, to descend from, and hence to be transferred or devised by him." '

"The court of appeals of Maryland, on a recent case, *Fisher* v. *Wagner,* 109 Md. 243, 21 L.R.A.(N.S.) 121, 71 Atl. 999, gave careful consideration to the question involved, and, in an exhaustive opinion by Chief Justice Boyd, reached the same conclusion. James I. Fisher's will devised the residue of his estate equally among his four children, Robert A., Richard D., Ammita E. (who afterwards married Charles Green), and Mary M. Wagner. In case Mrs. Green died without leaving a child, one third part was devised to his son Robert. Robert died in 1881, leaving a will in which he devised and bequeathed the residue of the estate of which he might die possessed in trust, etc. Mrs. Green died in 1908 leaving no issue. The question was whether Robert's contingent interest in the estate devised to Mrs. Green passed under his will. After a careful review of the Maryland cases and a full citation of cases from other jurisdictions and quotations from text-writers, the chief justice, speaking for the whole court, concludes: 'Robert A. Fisher took a transmissible and devisable estate under the will of his father, as the person to take was certain.'

"A note to this case in 21 L.R.A.(N.S.) 121, says: 'Where the person who will take is certain, a contingent remainder may be devised subject to the contingency;' and many authorities are cited in support of the statement.

"While, in view of the authorities, it is not necessary to seek statutory provisions to support the proposition involved, the following sections of the Code are instructive:

" 'Sec. 512. [31 Stat. at L. 1269, chap. 854 as amended 32 Stat. at L. 532, chap. 1329]. Any interest in or claim to real estate, whether entitled to present or future possession and enjoyment, and whether vested or contingent, may be disposed of by deed or will, and any estate which would be good as an executory devise, may be created by deed.'

" 'Sec. 1022. [31 Stat. at L. 1351, chap. 854.] A future estate is vested when there is a person in being who would have an immediate right to the possession of the land upon the expiration of the intermediate or precedent estate, or upon the arrival of a certain period or event when it is to commence in possession.'

" 'Sec. 1030. Expectant estates shall be descendible, devisable, and alienable in the same manner as estates in possession.'

" 'Sec. 1623. [31 Stat. at L. 1433, chap. 854.] All lands, tenements, and hereditaments, and personal estate which might pass by deed or gift, or which would, in the case of the proprietor's dying intestate, descend to or devolve on his or her heirs or other representatives, shall be subject to be disposed of, transferred, and passed by his or her last will, testament or codicil.'

"The conclusion is that the devise by Mrs. Wallace to Mrs. Thompson of one half of Mrs. Wallace's interest in the estate of John Purdy, Sr., carried with it one half of her one half interest in the executory devise attached to Mrs. Thompson's original one third of that estate, and gave Mrs. Thompson a fee simple in the one twelfth interest in question, which passed under her devise of all her real estate to the defendants Postlewait and Elliot.

"It follows that the plaintiffs are entitled to nine twelfths and the defendants to three twelfths of the estate. And a decree will be signed accordingly.

"The funds held by the defendant National Savings & Trust Company, as trustee, hereinbefore referred to, amounting to about $6,000 exclusive of accumulative interest, represent an undistributed balance of proceeds of sales of certain parcels of real estate of which John Purdy died seized and title to which passed under the residuary clause of his will already considered. The suits in which said sales were made were based, so far as an undivided two thirds interest in the lands involved therein was concerned, upon the provisions of law contained in sec. 100 of the Code, giving this court jurisdiction to order sales of lands in which one or more persons shall be entitled to an estate for life or years, or base or qualified fee simple, or any other limited or conditional estates, and any other person or persons shall be

entitled to a remainder or an interest by way of executory devise
in the lands.    As to the other undivided one third, it was alleged
in the bills in said equity causes that the title thereto was vested,
in fee simple, in the children of John Purdy, Junior, deceased
(plaintiffs in the present suit), and that they were entitled to
have the said lands sold for the purpose of partition, as to said
third interest.    The decrees passed in said causes appointed said
National Savings & Trust Company trustee to sell, and directed
that of the net proceeds of sale one third be distributed among
the children of said John Purdy, Junior, and that the residue
of said net proceeds be held by the trustee so as to inure in like
manner as provided by the aforesaid will of John Purdy, de-
ceased.

"The parties to said equity causes (which causes are known as
Nos. 24505 and 25264 in equity, and have been consolidated)
were the said children of John Purdy, Junior, deceased (plain-
tiffs in the present suit), and the two daughters of John Purdy,
Senior; namely, Ellen Rebecca Wallace (called in the will
Rebecca Wallace) and Virginia Thompson.    It appears that
after the sales, distribution to the children of John Purdy, Jun-
ior, of one third of the net proceeds thereof was made, as di-
rected, by the decrees in said causes.

"The death of Mrs. Wallace occurred after the said partial
distribution, and application to the court was subsequently made
on behalf of all the surviving parties to the cause for distribution
of another one third of the net proceeds of sale.    Following a
reference to and report by the auditor, the court directed that
one half of the said one third be distributed to the children of
John Purdy, Junior, and the other one half thereof to the said
Virginia Thompson.    The remaining one third of the net pro-
ceeds of sale was invested and held by the trustees under the
terms of the original and supplemental decrees in said equity
causes, and pursuant to the provisions of said Code sec. 100 'so
as to inure in like manner as provided by the original grant to
the use of the same parties who would be entitled to the land
sold.'

"The balance of said funds thus held by said trustee repre-

sented that interest or share in the real estate sold, devised by the will of John Purdy, whereby he devised a one-third part of all the rest and residue of his estate to said Virginia Thompson and her heirs, with the proviso that if she died childless, her third share should pass to John Purdy, Jr., and Rebecca Wallace and their respective heirs. Said Virginia Thompson was therefore entitled to receive the income from said balance of proceeds during the remainder of her life, and it appears that the same was paid to her accordingly. After her death, which occurred in August, 1913, the defendant Josephine Postlewait, executrix of the will of Virginia Thompson, claimed the entire funds so held by the National Savings & Trust Company, while the plaintiffs herein also claimed the same funds. The intervener, Elizabeth Pauline Hill, has also asserted a claim to share the said funds, on the ground that Ellen Rebecca Wallace having died childless, she, as the only child of a deceased brother, Henry Purdy, is one of the heirs of Mrs. Wallace.

"The proper disposition of these funds, however, depends upon the application of the same principles already stated. The plaintiffs are entitled, as children of John Purdy, Junior, to one half of said funds to which he would have been entitled if living, while the other one half, to which Mrs. Wallace would have been entitled if living, goes not to her heirs as such (the plaintiffs and said Elizabeth Pauline Hill), but to the devisees under her will. As hereinbefore stated, she died before Virginia Thompson, and by her will devised one half of all her right, title, and interest in the estate of her father, John Purdy, unto said Virginia Thompson and the other one half unto the children of her deceased brother, John Purdy. The plaintiffs by virtue of this devise are entitled to one half of one half of said funds, making, with the one half to which they are entitled as children of John Purdy, three fourths of the net funds, while the defendants Miss Postlewait and Mrs. Elliot, in their capacity of devisees of Virginia Thompson, are entitled to the remaining one fourth.

"A reference to the auditor should be taken to state the account of the trustee and distribution in accordance with this opinion.

"It should be added that on the pleadings in the present case a question is presented as to the validity of the several executory devises above referred to, their validity being alleged in the original and amended bills and denied in the answer of the defendants, Postlewait and Elliot, the answer (to the original bill) of the said two defendants stating in this regard that they are advised and believe, and so aver, that under said will of John Purdy, the said Ellen Rebecca Wallace and Virginia Thompson took fee simple estates, clear of limitations. Under this construction of the will, if sustained, the said two defendants, as sole devisees of Virginia Thompson, would be entitled to a one-half interest in the real estate, while the entire trust fund held by the trustee above-mentioned would be payable to the executrix of Mrs. Thompson. As to this theory of construction it is sufficient to say that this court is clearly of opinion that the executory devises referred to are valid, and the point was conceded by counsel for said two defendants in his argument at the hearing, and in his brief filed after argument."